ELENA CRESPO MATÍAS, ETC., Plaintiff and Appellee, *v.* MIGUEL ANGEL IRIZARRY, Defendant and Appellant; JUANA IRIZARRY MARTÍNEZ, Intervener and Appellant.

No. 10330. Argued December 1, 1950.—Decided December 11, 1950.

*Pascasio Fajardo Martínez* for appellants. *Mario Báez García* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Elena Crespo Matías instituted an action of unlawful detainer at sufferance against Miguel Angel Irizarry. The lower court permitted the intervention of Juana Irizarry Martínez at her request. Trial was held and the court found among other things that the evidence showed that the plaintiff Elena Crespo Matías was the owner of the property described in the complaint; that she acquired it by purchase from José Ramón Martínez on August 8, 1928; that in order to record her title she instituted dominion title proceedings in the District Court of Mayagüez which entered

904

an order of approval on September 29, 1949, which was recorded in the registry of property; that the defendant Miguel Angel Irizarry and his mother, the intervener Juana Irizarry Martínez, occupy the smallest of the two houses located in the property described in the complaint, without paying any rent or consideration; and that although the intervener Irizarry Martínez alleged that she owned the house involved in the proceeding, on the ground that she had acquired it by legacy apparently from the same person from whom the plaintiff acquired it, the mere allegation of title without strong evidence in support thereof can not legally bar unlawful detainer. It, therefore, entered judgment granting the complaint and ordering the defendant as well as the intervener to vacate the premises. Both have appealed.

They aver in the first place that the court *a quo* erred "in not admitting in evidence the copy of the will in favor of the intervener of the property sued on." The defendant contended that the plaintiff held no title to the house involved in the suit and that he was not holding at sufferance since he lived with his mother who was the legitimate owner of the property in question. To support these contentions the defendant and the intervener, who were represented by the same attorney, offered in evidence a copy of the death certificate of Ramón Martínez Quiñones, as well as a certified copy of a document entitled "Protocolization of Will." The death certificate was admitted in evidence but not the other document.

Unquestionably the lower court acted correctly in entering said judgment. The document it refused to admit in evidence recites essentially as follows:

"NUMBER THREE — PROTOCOLIZATION OF WILL — In Mayagüez, Puerto Rico, on this thirtieth day of January, nineteen hundred and fifty.— BEFORE ME — Pascasio Fajardo Martínez, attorney and notary public of this Island, with office and residence in Mayagüez, in the presence of the witnesses hereinafter mentioned. — THERE APPEARS — AS THE ONLY PARTY: Juana

Irizarry Martínez, of legal age, a resident of this city, single, property owner, who states: FIRST: That she has in her possession an open will executed by Ramón Martínez in this city of Mayagüez in August; nineteen hundred and forty-eight, whereby he bequeathes to her the property indicated in said will.— SECOND: That said will was delivered to her by the testator a day or two after its execution, but that she had lost it and had been unable to find same in spite of the many steps taken in order to recover it, having even feared that it had been stolen from her.— THIRD: That said document was accidentally found in her residence about four or five days ago and in order to draw up the present deed of protocolization of will she delivers it to the attesting notary and requests him to draw up, pursuant to law, this deed of protocolization of will and I, the attesting notary, hereby proceed to draw it up; stating: That the aforesaid will literally reads as follows: August 23, 1948, in Mayagüez, P. R.— I, Ramón Martínez, today in an asylum in Mayagüez, Puerto Rico: Hereby state that I have no heirs to whom I could leave a property I own on the street known as la ceiba in the salud ward of Mayagüez, Puerto Rico. I, Ramón Martínez, by means of this extra judicia (sic) document state my intention of a legacy in favor of Juana Irizarry Martínez, my statement in favor of said lady as the absolute owner of the property described in the deed which shall be found in my trunk renders the aforesaid Mrs. Juana Irizarry Martínez an absolute heiress, I make this legacy and my last will should be complied with, the aforesaid Juana Irizarry Martínez was good to me and in consideration of all the favors I received during such a long time I declare her to be my heiress in a legacy, the aforesaid property be delivered to the aforesaid Mrs. Juana Irizarry Martínez.— I, Ramón Martínez, state that my property is f, of liens, and is in favor of my described heiress.— The house has a lot of its own and another lot on which there is located a house of Mrs. Elena Crespo who pays a monthly rental for said lot.— As I do not know how and am unable to sign because I am blind, I make a cross justifying my authentic signature in the presence of the undersigned witnesses, and in the presence of the superior of the Asylum, Sister Ana María García.— This document consists of two sheets of paper and is drawn up by Mr. Pedro Ronda Rivera, at the request of the parties in question. This document was drawn up at 3:00 p.m., August 23, year 48.— Ramón Martí-

nez.— His mark.— Signed: Daniel Vélez — Juan Rivera Torres — Oscar Rodríguez Segarra.— The attesting notary CERTIFIES: That the will copied in this instrument agrees well and faithfully with its original which I have filed in my protocol of public instruments under my custody, corresponding to the year of this execution, together with the original deed.— NOTIFICATIONS ACCEPTANCE — I made the pertinent legal notifications to the executing party and she accepts this instrument as having been drawn up in accordance with her instructions.— As evidence of her agreement the appearing party affixes her mark and fingerprints hereto since she states that she does not know how to sign; one of the instrumental witnesses hereinafter mentioned and who are José M. Martínez.— and Godofredo Rodríguez ..... signing it at her request."

That document was in fact not admissible in evidence. In the first place, because it refers to a property located at a place other than the one referred to in the complaint.[1] And in the second place because no title at all appeared therefrom in favor of the defendant nor of the intervener. As a holographic will it was inexistent since pursuant to the provision of § 637 of the Civil Code, 1930 ed., in order that this kind of wills be valid, it "shall be written in its entirety and signed by the testator" and from the document offered it appeared that it had not been signed by the executing party and that it had been written by another person. On the other hand, it was not valid either as a holographic will since from its face it appears that it had not been protocolized in the manner provided by § 639 of the same Code. Without this requisite the document was

---

[1] In the complaint the property is described thus:

"LOT measuring 15 meters in front by 19 meters deep, that is, 285 sq. ms., located in the Sabalos ward of the Municipality of Mayagüez, bounded on the front, South, by a side road, on the back, North, by Santiago Tirado; on the left, East, by Enrique González, and on the right, West, by Rafael Vázquez. It has a frame house, zinc-roofed, measuring 21½ feet in front by 36 feet deep; and a smaller house of the same materials, 4 meters in front by 8½ meters deep."

Whereas in the document protocolized, reference is made to a property in La Ceiba Street in the Salud ward of Mayagüez.

not valid.[2]  *Blanch* v. *Registrar*, 59 P.R.R. 726, 729; *Osorio* v. *Planis*, 42 P.R.R. 605; Judgment of the Supreme Court of Spain of May 3, 1909, 115 *Jurisprudencia Civil* 14; Manresa, *Comentarios al Código Civil Español*, volume 5, 1932 ed., pp. 478 *et seq.*

■ As an open will the document was likewise void, inasmuch as it did not comply with the provisions of §§ 644 and 648 of the Civil Code.[3]

■ Furthermore, as a gift of real property the document was likewise invalid, inasmuch as "in order that a gift of real property may be valid it shall be made in a public instrument." The acceptance must also appear in a public document. Section 575 of the Civil Code and *Oliver* v. *Soto*, 58 P.R.R. 71.

■■ Questions of title can not be determined in proceedings of this nature. However, in order to dismiss an action of unlawful detainer where such a question arises, the offering of an inexistent title as evidence is not sufficient. Strong evidence is necessary in order to bar the action legally. *Faría* v. *Negrón*, 55 P.R.R. 17; *González* v. *Aponte*, 55 P.R.R. 797. Evidence of such a nature was not offered in this case.

■ The second and third errors assigned by the appellants hardly require discussion. They are to the effect

---

[2] Section 639 of the Civil Code, 1930 ed., provides:

"Section 639.—Holographic wills shall be placed in a protocol being presented for this purpose to the district court of the last domicil of the testator, or the court of the district in which the said testator dies, if his death occurred in Porto Rico, within five years from the date of his death. Without this requisite being complied with it shall not be valid."

[3] Sections 644 and 648 of the Civil Code, 1930 ed. provide:

"Section 644.—An open will must be executed before a notary and three suitable witnesses who see and understand the testator and of whom one at least knows how and can read and write. There shall be excepted from this requirement only the cases expressly specified in this same section."

"Section 648.—If the testator is blind, the will shall be read twice, once by the notary, in accordance with the provisions of section 645, and the other time in the same manner by one of the witnesses or by any other person designated by the testator."

that the court erred in not permitting the intervener to prove that the Clerk of this Supreme Court was duly notified of the "execution of the will," and in weighing the evidence. Even accepting that the protocolization of the aforesaid document had been duly notified to the Clerk of this Court, it would have had no scope for the purpose of the suit if the document in itself was void.

As to the weighing of the evidence it is enough to say that we have read it and that in our judgment it is sufficient to support the judgment rendered.

The judgment appealed from will be affirmed.